# EXHIBIT A.

**Plaintiff Oscar Hernandez's Summons & Complaint**

SUMM

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

OSCAR HERNANDEZ,                    )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )          CASE NO:        A-22-851955-C
                                    )          DEPT. NO:
LOWES HOME CENTERS, LLC., RIGID     )
TOOL COMPANY, and DOES I - V, and   )
ROE CORPORATIONS I - V, inclusive,  )          **SUMMONS**
                                    )
Defendants.                         )
_____)

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW**

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
    a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    b.      Serve a copy of your response upon the attorney whose name and address is shown below.
2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
LAW OFFICE OF DAVID SAMPSON

By: /s/ *David Sampson*
_____
David F. Sampson, Esq.,
Nevada Bar No: 6811
630 S 3rd Street
Las Vegas, NV 89101
Attorney for Plaintiff

**CLERK OF COURT**

Josefina San Juan          5/2/2022
_____     _____
Deputy Clerk                 Date

County Court House
200 Lewis Avenue
Las Vegas, Nevada 89155

A000001

Electronically Filed
5/2/2022 10:26 AM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
2  DAVID F. SAMPSON, ESQ.,
   Nevada Bar No. 6811
3  LAW OFFICE OF DAVID SAMPSON
   630 S. 3rd Street
4  Las Vegas, NV 89101
   Tel: 702-605-1099
5  Fax: 888-209-4199
6  Email: david@davidsampsonlaw.com
   Attorney for Plaintiff
7

**CASE NO: A-22-851955-C**
**Department 17**

### DISTRICT COURT
### CLARK COUNTY, NEVADA

8

9  OSCAR HERNANDEZ,                    )
                                       )
10 Plaintiff,                          )
                                       )
11                                     )
   vs.                                 )     CASE NO:
12                                     )     DEPT. NO:
                                       )
13 LOWES HOME CENTERS, LLC., RIGID     )
   TOOL COMPANY, and DOES I - V, and   )
14 ROE CORPORATIONS I - V, inclusive,  )
                                       )
15        Defendants.                  )
                                       )
16 _____ )

17                          **COMPLAINT**

18        COMES NOW, Plaintiff, OSCAR HERNANDEZ, by and through his attorneys, The

19 LAW OFFICE OF DAVID SAMPSON, LLC., and for his causes of action, against the

20 Defendants, and each of them, alleges as follows:

21

22 1.   That Plaintiff, OSCAR HERNANDEZ, was at all times relevant to this action a resident

23      of Clark County, Nevada.

24 2.   This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the

25      facts alleged occurred in Clark County, Nevada and involve an amount in controversy in

26      excess of $15,000.00. Venue is proper pursuant to NRS 13.040, as Defendant, or any

27      one of them resided in Clark County, Nevada at the commencement of this action, or

28

A000002

venue is proper pursuant to NRS 13.040, as the county in which Defendant resided be

unknown to Plaintiff and the action may be tried in any county in which Plaintiff may

designate in the complaint, or venue is proper pursuant to NRS 13.040, as none of the

Defendants reside in the State and the action may be tried in any county in which

Plaintiff may designate in the complaint.

## FIRST CAUSE OF ACTION

As for his First Cause of Action, Plaintiff complains of Defendants, and each of them,

that:

I

At all times mentioned herein, Plaintiff, OSCAR HERNANDEZ (hereinafter

"Plaintiff"), was either a resident of the State of Nevada.

II

At all times mentioned herein, Defendant, LOWES HOME CENTERS, LLC.,

("LOWES"), was and is a corporation organized under the laws of the State of Nevada, with its

principal place of business located within the State of North Carolina, and was and is the

designer, manufacturer, producer, packager, distributor and/or seller of that certain RIGID

Round Head Framing Nailer model R350RHF (hereinafter the "RIGID Nail Gun") and as such

did transport, ship, introduce and/or cause said product to be introduced into the State of Nevada

and other states, for the purpose of its sale, distribution and/or use within the State of Nevada,

and other states.

III

At all times mentioned herein, Defendant, RIGID TOOL COMPANY ("RIGID"), was

and is a corporation organized under the laws of the State of Nevada, with its principal place of

A000003

business located within the State of Ohio, and was and is the designer, manufacturer, producer, packager, distributor and/or seller of that certain RIGID Nail Gun and as such did transport, ship, introduce and/or cause said product to be introduced into the State of Nevada and other states, for the purpose of its sale, distribution and/or use within the State of Nevada, and other states.

IV

Defendant ROE WHOLESALER is an unknown entity engaged in the business of selling RIGID Nail Guns at wholesale and was and is the distributor, wholesaler and/or seller of the RIGID Nail Gun and as such did transport, ship, introduce an/or cause said product to be introduced into the State of Nevada and other states, for the purpose of its sale, distribution and/or use within the State of Nevada and other states.

V

Defendant LOWES is engaged in the business of selling RIGID Nail Guns at retail and was and is the distributor, retailer and/or seller of the RIGID Nail Gun and as such did transport, ship, introduce and/or cause said product to be introduced into the State of Nevada and other states, for the purpose of its sale, distribution and/or use within the State of Nevada and other states.

VI

The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOE I through DOE X, ROE CORPORATION I through ROE CORPORATION X, ROE WHOLESALER and ROE RETAILER, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE, ROE CORPORATION, ROE

WHOLESALER and ROE RETAILER are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged.  Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOE I through DOE X, ROE I through ROE X, ROE WHOLESALER and ROE RETAILER when the same have been ascertained and to join such Defendants in this action.

VII

While engaged in the manufacture and sale of RIGID Nail Guns, Defendant RIGID sold and/or delivered the RIGID Nail Gun to ROE WHOLESALER who in turn sold and/or delivered the same RIGID Nail Gun to LOWES and/or ROE RETAILER.

VIII

Defendants, and each of them, expected the RIGID Nail Gun so sold to reach consumers or users in the condition in which it was sold.

IX

Plaintiff's employer purchased the RIGID Nail Gun from LOWES for the use of driving nails into wood or other materials and actually used the RIGID Nail Gun as a tool to use of drive nails into wood or other materials and Plaintiff's use and manner of use of the RIGID Nail Gun was reasonably foreseeable by the Defendants, and each of them.

X

On March 14, 2021, while on a construction site in Clark County, Nevada, Plaintiff attempted to drive nails into wood using the RIGID Nail Gun following the instructions on the RIGID Nail Gun. The RIGID Nail Gun fell on the ground and a nail shot out from the  RIGID Nail Gun hitting Plaintiff in the chest and causing Plaintiff to sustain the injuries hereinafter alleged.

XI

Prior to the time Plaintiff sustained such injuries, Plaintiff's employer had removed the RIGID Nail Gun from the packaging furnished by Defendants, and each of them.  Plaintiff is informed and believes, and in reliance thereon alleges, that the RIGID Nail Gun was then and there in the condition existing when Defendants, and each of them sold and/or delivered it to Defendant ROE WHOLESALER, and in the same condition existing when Defendant ROE WHOLESALER sold and/or delivered it to ROE RETAILER.  Plaintiff is informed and believes, and in reliance thereon alleges, that the same condition of the product existed when Defendant ROE RETAILER sold and/or delivered the RIGID Nail Gun to the Plaintiff, and the condition of the product remained unchanged when Plaintiff first removed it from the packaging and sustained injuries while using it.

XII

When Plaintiff sustained the injuries hereinafter alleged, the RIGID Nail Gun was in a defective condition and was unreasonably dangerous to a user or consumer in that the nailing and safety mechanisms and nailing and safety design of the RIGID Nail Gun were defective and unreasonably dangerous.

XIII

Defendants, and each of them, knew or through the exercise of reasonable care and diligence, should have known of such defective and unreasonably dangerous conditions.

XIV

Plaintiff relied on the duty of Defendants, and each of them, to deliver the RIGID Nail Gun at the time of sale and/or delivery by each in a condition fit for use for the purpose intended.  The RIGID Nail Gun was defective, unreasonably dangerous, and was in fact not fit

for the purposes and uses for which it was intended.  The breach of such duty by Defendants, and each of them, and such defective condition of the RIGID Nail Gun, was a proximate cause of the injuries sustained by Plaintiff.

XV

By reason of the premises and as a direct and proximate result thereof, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto all to Plaintiff's the present amount of which is in excess of $10,000 and indeed in excess of the Justice Court jurisdictional limit of $15,000.00.  Plaintiff is informed and believes, and in reliance thereon alleges, that such expenses will continue in the future, all to his damage in a presently unascertainable amount.  Plaintiff prays leave of this Court to insert the full amount of Plaintiff's damages when the same have been fully ascertained.

XVI

By reason of the premises and as a direct and proximate result thereof, Plaintiff was injured in and about his body as he sustained a nail embedded in his chest, and was otherwise injured and caused to suffer great pain of body and mind, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's general damages in excess of $10,000 and indeed in excess of the Justice Court jurisdictional limit of $15,000.00..

XVII

Prior to the injuries complained of herein, Plaintiff was an able-bodied male, regularly and gainfully employed and physically capable of engaging in all other activities for which Plaintiff was otherwise suited.  By reason of the premises and as a direct and proximate result thereof, Plaintiff was required to and did lose time from Plaintiff's employment, continues to and shall continue to be limited in his activities and occupations which has caused and shall

continue to cause Plaintiff a loss of earnings and earning capacity to Plaintiff's damage in a presently unascertainable amount, the allegations of which Plaintiff prays leave of this Court to insert herein when the same shall be finally determined.

XVIII

By reason of the premises and as a direct and proximate result of all of the foregoing, Defendants, and each of them, are strictly liable to Plaintiff for the injuries and damages hereinabove set forth.

**SECOND CAUSE OF ACTION**

As and for a second, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, that:

XIX

Plaintiff incorporates by reference as though fully set forth herein, all of the allegations of Paragraphs I through XVIII, above.

XX

Defendants, and each of them, owed a duty to all persons who could reasonably be foreseen to use the RIGID Nail Gun, and such a duty was specifically owed to Plaintiff.

XXI

Defendants, and each of them, breached a duty owed to the Plaintiff consisting of, among other things, the following:

a) Failure to warn by statement on the product, in the instruction booklet, or otherwise, of the unreasonably dangerous conditions of the RIGID Nail Gun;

b) Failure to properly design the RIGID Nail Gun in such a manner as to avoid or minimize the unreasonable danger to users of the RIGID Nail Gun;

c)      Failure to properly and adequately test and inspect the RIGID Nail Gun to ascertain its unreasonably dangerous condition;

d)      Failure to give adequate instructions regarding the safe use of the RIGID Nail Gun;

e)      Failure to use due care to avoid misrepresentations.

## XXII

As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was caused to suffer the injuries and damages hereinabove set forth.

## THIRD CAUSE OF ACTION

As and for a third, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, that:

## XXIII

Plaintiff incorporates by reference as though fully set forth herein, all of the allegations of Paragraphs I through XXII, above.

## XXIV

Prior to the purchase of the RIGID Nail Gun by Plaintiff, Defendants, and each of them, in order to induce Plaintiff to agree to purchase the RIGID Nail Gun, provided express warranties and representations, including, but not limited to, the warranty that the product was fit for use for the purpose intended.

## XXV

Plaintiff purchased the RIGID Nail Gun in reliance on said express warranties and representations.

///

## XXVI

Said RIGID Nail Gun was defective and unreasonably dangerous, was not fit for the purposes and uses for which it was intended, and was not of merchantable quality.

## XXVII

As a direct and proximate result of the breach of express warranties and representations by the Defendants, and each of them, Plaintiff was caused to suffer the injuries and damages as hereinabove set forth.

## FOURTH CAUSE OF ACTION

As and for a fourth, separate and distinct cause of action, Plaintiff complaints of Defendants, and each of them, that:

## XXVIII

Plaintiff incorporates by reference as though fully set forth herein, all of the allegations of Paragraphs I through XXVII, above.

## XXVIX

Defendants, and each of them, impliedly warranted that the RIGID Nail Gun was fit for use of driving nails into wood or other materials, the purpose for which it was designed, and that the RIGID Nail Gun was fit and suitable for the use in fact made by Plaintiff.

## XXX

In purchasing and using the RIGID Nail Gun, Plaintiff relied on the skill and judgment of Defendants, and each of them, and the implied warranty of fitness for the purpose for which Plaintiff used the RIGID Nail Gun.

///

///

A000010

### XXXI

The RIGID Nail Gun was not fit for use for its intended purpose and Defendants, and each of them, breached the implied warranty of fitness.

### XXXII

As a direct and proximate result of the breach of implied warranty of fitness by Defendants, and each of them, Plaintiff was caused to suffer the injuries and damages hereinabove set forth.

WHEREFORE, Plaintiff, expressly reserving the right to amend his Complaint at the time of the trial of the actions herein to include all items of damages not yet ascertained, demand judgment against Defendants, and each of them, for all causes of action as follows:

1.  General damages in excess of $10,000and indeed in excess of the Justice Court jurisdictional limit of $15,000.00;

2.  Special Damages for Plaintiff, OSCAR HERNANDEZ, medical and miscellaneous expenses, plus future medical expenses and miscellaneous expenses incidental thereto in a presently unascertainable amount;

3.  Special damages for lost wages in a presently unascertainable amount, and/or diminution of Plaintiff's earning capacity, plus possible future loss of earnings and/or diminution of Plaintiff's earning capacity in a presently unascertainable amount.

4.  Costs of this suit;

5.  Attorney's fees; and

///

///

///

6.   For such other and further relief as to the Court may seem just and proper in the premises.

DATED THIS 14th day of March, 2022

LAW OFFICE OF DAVID SAMPSON

BY: _/s/ David Sampson_

DAVID F. SAMPSON, ESQ.,
Nevada Bar No. 6811
LAW OFFICE OF DAVID SAMPSON
630 S. 3rd Street
Las Vegas, NV 89101
Tel: 702-605-1099
Fax: 888-209-4199
Email: david@davidsampsonlaw.com
Attorney for Plaintiff
