**ELLEN S. BOWMAN, ESQ.**
Nevada Bar No. 12118
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: ellen.bowman@wilsonelser.com
*Attorneys for Defendants*
*The Home Depot, Inc. and Ridge Tool Company*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR HERNANDEZ , <br><br> Plaintiffs, <br><br> v. <br><br> THE HOME DEPOT, INC., RIDGE TOOL COMPANY, and DOES 1-V, and ROE CORPORATIONS IV, inclusive, <br><br> Defendants. | CASE NO.  2:22-CV-00938-APG-EJY <br><br><br> **REVISED STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION** |

Plaintiff, Oscar Hernandez by and through his attorney of record, David Sampson, Esq. of the Law Office of David Sampson and Defendants, The Home Depot, Inc. and Ridge Tool Company, by and through its attorney of record, Ellen S. Bowman, Esq. of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby submit the following Stipulation and Order Regarding Confidential Information:

The following provisions shall govern the exchange of confidential information in this matter:

1. Following a good faith meet and confer, the parties have agreed that the following documents, to be produced by Defendants, contain proprietary and/or trade secret information:

271732426v.1

Revised SAO re: Confidential Information
*Hernandez v. The Home Depot, et al*
2:22-CV-00938-APG-EJY

      i. Project Initiation Requests

      ii. New Product Qualification Procedure No. 8

      iii. Product Evaluation and Acceptance Criteria

      iv. Lab Test Procedure No. 0224

      v. Product Safety Committee Minutes

      vi. Test No.: 2015-01825 et al.

      vii. New Product Release for Shipment

2. The documents identified above are hereby designated as confidential and will be stamped "CONFIDENTIAL" before production by Defendants. "Confidential" information or documents may be referred to collectively as "Confidential Information."

3. Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action – more particularly as described in Paragraph 6.

4. In the event that either party identifies additional documents or information believed to confidential, the parties agree to meet and confer, in good faith, and either submit a supplemental stipulated protective order that identifies, by title, the Confidential Information for the court's consideration, or if an agreement cannot be reached, then the requesting party reserves the right to submit a motion seeking the desired relief.

5. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party

271732426v.1
271732426v.1
271732426v.1

Revised SAO re: Confidential Information
*Hernandez v. The Home Depot, et al*
2:22-CV-00938-APG-EJY

specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

6. Information or documents designated as "Confidential" shall not be disclosed to any person except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

   d. Subject to the condition set forth in Paragraph 7 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   e. Subject to the condition set forth in Paragraph 7 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

7. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

   a. inform the person of the confidential nature of the information or documents;

271732426v.1
271732426v.1
271732426v.1

      b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after that close of discovery or fourteen (14) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

9. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed provisionally under seal together with a motion to seal pursuant to Local Rule IA 10-5. Papers filed with the Court under seal will be accompanied by a motion for leave to file those documents under seal. All papers filed under seal will remain sealed until the Court either denies the motion to seal or enters and order unsealing them. LR IA 10-5(a). An attorney who files a document under seal must include with the document either (1) a certificate of service certifying that the sealed document was served on the opposing attorneys or (ii) an affidavit showing good cause why the document has not been served on the opposing attorneys. LR IA 10-5(c). Documents filed under seal will be served in accordance with LR IC 4-1 (c).

271732426v.1
271732426v.1
271732426v.1

10. In the event of unauthorized or inadvertent disclosure of Confidential Information, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information. Inadvertent or unintentional production of Confidential Information that is not designated as such shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

IT IS SO STIPULATED.

[Continued on the next page]

Revised SAO re: Confidential Information
*Hernandez v. The Home Depot, et al*
2:22-CV-00938-APG-EJY

DATED this  31st  day of August, 2022.                    Dated this  31st  day of August, 2022.

**WILSON, ELSER, MOSKOWITZ,**                              **LAW OFFICE OF DAVID SAMPSON, LLC**
**EDELMAN & DICKER LLP**

By:  */s/ Ellen S. Bowman*                                 By:  */s/ David Sampson*
    Ellen S. Bowman, Esq.                                      David Sampson, Esq.
    Nevada Bar No. 12118                                       Nevada Bar No. 6811
    6689 Las Vegas Blvd. South, Suite 200                      630 S. 3rd Street
    Las Vegas, Nevada 89119                                    Las Vegas, Nevada 89101
    *Attorneys for Defendant The Home Depot,*                  *Attorney for Plaintiff*
    *Inc. and Ridge Tool Company*

## ORDER

Upon stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that this Revised Stipulation and Order Regarding Confidential Information (ECF No. 32) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Protective Order (ECF No. 29) is DENIED as moot.

_____
United States Magistrate Judge

Dated August 31, 2022

271732426v.1
271732426v.1
271732426v.1